◼ In the Matter of the Claim of Douglas S. De Souza, Appellant. Kussmaul Electronics Company, Inc., Respondent; Commissioner of Labor, Respondent. [779 NYS2d 141]—

Appeal from a decision of the Unemployment Insurance Board, filed July 3, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as an assembler for the employer for two years. After he became involved in a heated argument with a senior coworker, his supervisor sent them both home. Claimant reported to work the following Monday, but after speaking to the owner, he took his tools and left the job. He initially was denied unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. An Administrative Law Judge overruled this determination following a hearing. The Unemployment Insurance Appeal Board, however, reversed and reinstated the initial determination. Claimant now appeals.

We affirm. It is well settled that resigning from a job in

anticipation of being discharged does not constitute good cause for leaving employment (*see Matter of Santiago [Commissioner of Labor]*, 308 AD2d 674 [2003]; *Matter of Perkins [Commissioner of Labor]*, 301 AD2d 1004, 1005 [2003]). Although claimant denied that he quit his job, he admitted that he left because he thought he was going to be fired anyway. Claimant's supervisor testified that the senior coworker did not have the authority to fire claimant and he did not terminate claimant, but instead told claimant and the coworker to come in on Monday and they would work out the problem. The owner testified that claimant informed him that Monday that he was leaving because he was going to be discharged. Although the owner told claimant this was not true, claimant maintained that he could not continue to work in the current situation. Inasmuch as all of the testimony establishes that claimant left his job in anticipation of being discharged, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.